IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                               PLAINTIFF

v.                                            Civil No. 2:22-CV-02070

RINDA PACK BAKER,                                                                DEFENDANTS
ANDREW McINTOSH,
BRANDON BLOUNT,
MARC McCUNE,
CITY OF VAN BUREN,
COUNTY OF CRAWFORD, and
STATE OF ARKANSAS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis* and *pro se*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is the matter of preservice screening pursuant to 28 U.S.C. § 1915.

## I.      BACKGROUND

Plaintiff filed his Complaint as a "sovereign citizen" on April 26, 2022.  (ECF No. 1).  He alleges that Defendants violated his rights when he was arrested on November 29, 2020, after saying "fuck you" to a law enforcement officer.  (*Id*.).

The Court takes judicial notice that this is the second case Plaintiff has filed in this District based on this arrest.  Plaintiff's first case, *Francis v. Eversole*, Case No. 2:20-cv-02220, was filed on December 3, 2020.  In that case, Defendant Donald Eversole was identified as the Van Buren, Arkansas police officer who arrested Plaintiff.  (Case No. 2:20-cv-02220, ECF No. 8).  The case

1

was stayed pursuant to the *Younger* doctrine on April 20, 2021.  (Case No. 2:20-cv-02220, ECF No. 18).  The underlying state criminal case, *State v. Luke Bradley Francis*, Circuit Court of Crawford County, Arkansas, Case No. 17CR-21-502, remains pending.[1]

Plaintiff has now filed this second case against additional Defendants.  Plaintiff filed this action on April 26, 2022.  (ECF No. 1).  Plaintiff was directed to provide additional information to serve Defendants, and he did so approximately two weeks past the deadline given to him by the Court.  (ECF Nos. 5, 6).  Plaintiff indicates the State of Arkansas should be served "c/o Leslie Rutledge."  (ECF No. 2).  The Court takes judicial notice that Leslie Rutledge is the Arkansas Attorney General.  As Plaintiff failed to provide professional titles for any of the Defendants, identifying them only as "a man" or "a woman," the Court also takes judicial notice that Marc McCune is a Circuit Judge for the Twenty-First Judicial Circuit and based in Crawford County; Rinda Baker is a Crawford County Prosecutor; and Brandon Blount and Andrew McIntosh appear to be City of Van Buren police officers.

Plaintiff identifies his case as an "Action for Trespass, Claim for Deprivation of Rights under Color of Authority," and cites "42 USC § §§ 1983, 1985, 1986, First, Fourth, Fifth, Fourteenth amendments."  (ECF No. 1 at 1).  He alleges these Defendants "colluded to deprive [his] rights."  (*Id*. at 7).  Plaintiff does not identify the capacity in which he proceeds against these Defendants.  His request for damages covers two pages, and includes monetary damages, that "each human Defendant forfeit the bond," that additional constitutional training for law enforcement be given, that Defendant Baker be disbarred, and that Defendants be prevented from retaliating against him.  (*Id*. at 27-29).

---

[1] According to documents filed in that case, there was a mistrial in the first criminal case on May 14, 2021, and the criminal charge was refiled on May 21, 2021.  (Case No. 2:20-cv-02220, ECF No. 20).  The state court docket report available on caseinfo.arcourts.gov shows that a hearing on the Defendant's motion to suppress is scheduled on August 24, 2022, with a jury trial presently scheduled on September 15, 2022.  (Last accessed on June 23, 2022.)

## II.        LEGAL STANDARD

Under § 19159(e)(2), the Court is obligated to screen a case in which a plaintiff seeks  to proceed *in forma pauperis* prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.        ANALYSIS

#### A.        Circuit Judge Marc McCune

Defendant Marc McCune, a Circuit Judge for the Twenty-First Judicial Circuit, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). This absolute immunity also includes § 1985 and § 1986 liability. *See*, *Pitchford v. Marshall*, 417 F. App'x 581 (8th Cir. 2011); *Schwartz. v. Weinstein*, 459 F.2d 882 (8th Cir. 1972). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in only two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11. Plaintiff's claim against Defendant McCune is that he has presided as a judge over Plaintiff's state criminal case and permitted it to proceed when he allegedly knew it was unconstitutional. Thus, it is clear from the allegations of the Plaintiff's Complaint that neither exception to judicial immunity applies here. Plaintiff's claims against Defendant McCune are subject to dismissal.

#### B.        Prosecutor Rinda Pack Baker

As a prosecuting attorney, Defendant Rinda Pack Baker is immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is

true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized") (internal quotation omitted). Here, Plaintiff's claim against Defendant Baker is that she brought charges against him. Plaintiff's claim against Defendant Baker is subject to dismissal.

### C.    State of Arkansas through Leslie Rutledge

Plaintiff failed to identify the capacity in which he proceeds against the Defendants in this case. The Eighth Circuit has held that a plaintiff who wishes to sue a state official in his personal capacity must so specify in his complaint. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, the Court must interpret the complaint as including only official-capacity claims. (*Id*.).

Plaintiff named Arkansas Attorney General Leslie Rutledge as the individual to be served for his claim against the State of Arkansas. (ECF No. 6). Plaintiff's official capacity claim against her is barred by sovereign immunity. "The sovereign immunity of the States recognized in the Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the states' immunity or a state has consented to suit or waived its immunity." *Rodgers v. U. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1049 (E.D. Mo. 2014), *aff'd as modified sub nom. Rodgers v. Curators of U. of Missouri System*, 634 F. App'x 598 (8th Cir. 2015) (unpublished). Nothing in 42 U.S.C. §§ 1983, 1985, or 1986 waives or abrogates sovereign immunity. *Neil By and through Cheeks v. Belmar*, 4:18-CV-2091 CAS, 2019 WL 1359293, at *2 (E.D. Mo. Mar. 26, 2019) (citing *Rodgers*,

56 F. Supp. 3d at 1049-50).  Thus, Plaintiff's official capacity claim against the State of Arkansas though Attorney General Leslie Rutledge is barred by sovereign immunity.

### D.     Remaining Claims

Plaintiff's claims against Defendants Blount, McIntosh, the City of Van Buren, and Crawford County remain.  The Court expresses no opinion at this time as to the validity of the Plaintiff's remaining claims.

### E.     Stay of Case

As the Court noted earlier, Plaintiff's first case in this District based on his arrest on November 29, 2020, *Francis v. Eversole*, Case No. 2:20-cv-02220, has been stayed pursuant to the *Younger* doctrine as the state criminal case is still pending.  As this case arises from the same arrest, it is recommended that the Court also stay this case pursuant to the *Younger* doctrine.

It is further recommended that Plaintiff be ordered to immediately notify the Court when the state court case is dismissed, Plaintiff is acquitted, or Plaintiff's conviction becomes final.

### IV.     CONCLUSION

Accordingly, it is recommended that:

1.  Plaintiff's claims against Defendants McCune, Baker, and the State of Arkansas be DISMISSED WITHOUT PREJUDICE.

2.  This case be STAYED pending the resolution of Plaintiff's pending criminal case.

3.  Plaintiff be ordered to immediately notify the Court when the state court case is dismissed, Plaintiff is acquitted, or Plaintiff's conviction becomes final

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of June 2022.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE